IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY WILSON, | |
|     Petitioner, | No. 2:13-cv-0683 CKD P |
|     vs. | |
| PEOPLE OF CALIFORNIA, | ORDER AND |
|     Respondent. | FINDINGS & RECOMMENDATIONS |
| _____/ | |

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner challenges his 1996 conviction in the Sutter County Superior Court for multiple sexual offenses, resulting in a sentence of 175 years to life. Petitioner claims he was denied effective assistance of counsel at the plea bargain stage under the Supreme Court's recent decisions in Missouri v. Frye, 132 S.C. 1399 (2012) and Ladler v. Cooper, 132 S.C. 1376 (2012).

        Court records indicate that petitioner has filed prior petitions in this court challenging his 1996 conviction and sentence. See Wilson v. Grounds, No. 2:12-cv-0305 WBS

1

1  KJN P (E.D. Cal.), Dkt. No. 17 (summarizing prior cases).  The first of these petitions was filed
2  on September 1, 1999 and was denied on the merits on April 26, 2004.  Wilson v. Fairman, No.
3  2:99-cv-1711 JKS (E.D. Cal.), Dkt. No. 34.  The dismissal was with prejudice.  Id.

4         A petition is second or successive if it makes "claims contesting the same custody
5  imposed by the same judgment of a state court" that the petitioner previously challenged, and on
6  which the federal court issued a decision on the merits.  Burton v. Stewart, 549 U.S. 147, 153
7  (2007); see also Slack v. McDaniel, 529 U.S. 473, 485-486 (2000).  Thus, the instant petition is
8  successive.  Under 28 U.S.C. § 2244(b)((1)(A), a new claim presented in a second or successive
9  petition may proceed if "the applicant shows that the claim relies on a new rule of constitutional
10 law, made retroactive to cases on collateral review by the Supreme Court, that was previously
11 unavailable[.]"

12        However, "[b]efore a second or successive application . . . is filed in the district
13 court, the applicant shall move in the appropriate court of appeals for an order authorizing the
14 district court to consider the application."  28 U.S.C. § 2244(3)(A).  Without an order from the
15 appellate court, the district court is without jurisdiction to consider a second or successive
16 petition.  See Burton, 549 U.S. at 152, 157.  As petitioner offers no evidence that the Ninth
17 Circuit Court of Appeals has authorized this court to consider a second or successive petition
18 challenging his 1996 conviction, this action should be dismissed for lack of jurisdiction.

19        Accordingly, IT IS HEREBY ORDERED that:
20        1.  Petitioner's application to proceed in forma pauperis is granted; and
21        2.  The Clerk of the Court shall assign a district judge to this action.
22        IT IS HEREBY RECOMMENDED that this action be dismissed for lack of
23 jurisdiction.

24        These findings and recommendations are submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
26 days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner
3  may address whether a certificate of appealability should issue in the event he files an appeal of
4  the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district
5  court must issue or deny a certificate of appealability when it enters a final order adverse to the
6  applicant).  Petitioner is advised that failure to file objections within the specified time may
7  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
8  1991).

 Dated: April 15, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
wils0683.succpet